**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| MIGUEL A. VIRUET, | : | |
| Plaintiff, | : | Civil No. 09-2336 (FLW) |
| v. | : | |
| ANTHONY COWELL, ESQ., | : | **O P I N I O N** |
| Defendant. | : | |

**APPEARANCES:**

Miguel A. Viruet, <u>Pro</u> <u>Se</u>
# 512657
Mercer County Correctional Center
P.O. Box 8068
Trenton, NJ 08650

**WOLFSON, District Judge**

　　Plaintiff, Miguel A. Viruet, currently incarcerated at the Mercer County Correctional Center, New Jersey, seeks to bring this action <u>in</u> <u>forma</u> <u>pauperis</u>, without prepayment of fees, pursuant to 28 U.S.C. § 1915. Based on Plaintiff's affidavit of indigence and institutional account statement, the Court will grant his application to proceed <u>in</u> <u>forma</u> <u>pauperis</u> pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the complaint.

　　At this time, the Court must review the complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to

state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.  For the following reasons, Plaintiff's complaint will be dismissed.

## BACKGROUND

Plaintiff, a pretrial detainee, seeks to sue Anthony Cowell, Esq., a pool attorney representing him in a state court trial. Plaintiff states that defendant Cowell met with him to discuss Cowell's "lack of effort" in Plaintiff's criminal case.  Durnig the meeting, Plaintiff asked Cowell why he had not returned phone calls.  Cowell began to "verbally harass" Plaintiff, and threw a pen at Plaintiff's chest.  Plaintiff filed a criminal complaint against Cowell in Hopewell Township Municipal Court.

Plaintiff asks for monetary relief.

## DISCUSSION

**A.   Standard of Review**

In 1996, Congress enacted the Prison Litigation Reform Act ("PLRA"), Title VIII of the Omnibus Consolidated Rescissions and Appropriations Act of 1996, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996).  Congress's purpose in enacting the PLRA was "primarily to curtail claims brought by prisoners under 42 U.S.C. § 1983 and the Federal Torts Claims Act ... many of which are routinely dismissed as legally frivolous." Santana v. United States, 98 F.3d 752, 755 (3d Cir. 1996).  A crucial part of the

congressional plan for curtailing meritless prisoner suits is the requirement, embodied in 28 U.S.C. § 1915A, that a court must dismiss, at the earliest practicable time, actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief.

In determining the sufficiency of a complaint, the Court must be mindful to construe the facts stated in the complaint liberally in favor of the plaintiff.  See Haines v. Kerner, 404 U.S. 519 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court should "accept as true all of the [factual] allegations in the complaint and reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).  While a court will accept well-pled allegations as true, it will not accept bald assertions, unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations.  See id.

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'"  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)

3

(quoting Conley v. Gibson, 355 U.S. 41, 47, (1957), while abrogating the decision in other respects).

The Court of Appeals for the Third Circuit recently provided detailed and highly instructive guidance as to what type of allegations qualify as sufficient to pass muster under the Rule 8 pleading standard. See Phillips v. County of Allegheny, 515 F.3d 224, 230-34 (3d Cir. 2008). The Court of Appeals explained, in relevant part:

> [T]he pleading standard can be summed up thus: "stating ... a claim requires a complaint with enough factual matter (taken as true) to suggest" the required element. This "does not impose a probability requirement at the pleading stage[ ]" but . . . "calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of" the necessary element.

Phillips, 515 F.3d at 234 (internal citations omitted).

**B.   42 U.S.C. § 1983**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his or her constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

4

Thus, to establish a violation of 42 U.S.C. § 1983, a plaintiff must demonstrate that the challenged conduct was committed by (1) a person acting under color of state law and (2) that the conduct deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States.  See Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled in part on other grounds by Daniels v. Williams, 474 U.S. 327 (1986); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

**C.   Defendant Cowell is not a State Actor.**

Defendant Cowell is not a proper defendant in this § 1983 action.  Generally, attorneys are not state actors for purposes of § 1983.  See Polk County v. Dodson, 454 U.S. 312, 325 (1981) (holding that public defenders do not act under color of state law); Steward v. Meeker, 459 F.2d 669 (3d Cir. 1972) (privately-retained counsel does not act under color of state law when representing client); Thomas v. Howard, 455 F.2d 228 (3d Cir. 1972) (court-appointed pool attorney does not act under color of state law).

Therefore, Plaintiff is not entitled under § 1983 to monetary damages for the incident described in the complaint.[1]

---

[1]   Even if Plaintiff had named a proper state actor, generally, mere verbal harassment does not give rise to a constitutional violation.  See McBride v. Deer, 240 F.3d 1287, 1291 n.3 (10th Cir. 2001)(taunts and threats are not an Eighth

5

Plaintiff has not alleged facts indicating that his constitutional rights have been violated.[2]

## CONCLUSION

Based upon the foregoing, Plaintiff's complaint will be dismissed.  The Court will file an appropriate order.


                                    s/Freda L. Wolfson
                                    FREDA L. WOLFSON
                                    United States District Judge


Dated: July 21, 2009

---

Amendment violation);  Oltarzewski v. Ruggiero, 830 F.2d 136 (9th Cir. 1987) (vulgar language); Rivera v. Goord, 119 F. Supp.2d 327, 342 (S.D.N.Y. 2000)(verbal harassment does not violate inmate's constitutional rights); Prisoners' Legal Ass'n v. Roberson, 822 F. Supp. 185 (D.N.J. 1993); Murray v. Woodburn, 809 F. Supp. 383 (E.D. Pa. 1993); Douglas v. Marino, 684 F. Supp. 395 (D.N.J. 1988).

[2]  Additionally, the Court further notes that even if Plaintiff alleged facts indicating that he received ineffective assistance of counsel and of various constitutional errors in the course of his trial, Plaintiff has not plead that his conviction has been overturned or reversed on appeal or other collateral review, to allow him to be awarded monetary damages.  See Heck v. Humphrey, 512 U.S. 477 (1994).